NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIJU VARGHESE, | : |
| Plaintiff, | : **Hon. Dennis M. Cavanaugh** |
| v. | : **OPINION** |
| ERIC K. SHINSEKI, Secretary of the Department of Veterans Affairs, | : Civil Action 2:10-cv- 03258(DMC)(JAD) |
| Defendant | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Eric K. Shinseki ("Defendant") to void default and to dismiss the complaint of Viju Varghese ("Plaintiff") pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons stated herein, Defendant's motion is **granted.**

I.  BACKGROUND

Plaintiff, a physical therapist employed within the Veteran's Administration Healthcare System since 2001, brought suit alleging that he had been discriminated against and paid less than other comparable employees based on his national origin. Plaintiff was issued a "right to sue" letter by the EEOC on March 28, 2010, and subsequently filed the present suit on June 25, 2010. This Court issued a "Notice of Call for dismissal" pursuant to Fed. R. Civ. P. 4(m) on December 3, 2010. (Dock. 3) Three days later Plaintiff filed an affidavit of service purporting to show that Defendant had been properly served as required by Fed. R. Civ. P. 4  (Dock. 4) On

January 14, 2001 Plaintiff moved for Default Judgment pursuant to Fr. R. Civ. P. 55(e).Default was entered by the clerk on January 24, 2011.[1] Defendant's motion to dismiss and void the entry of default judgment was filed on April 13, 2011.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 4(i) lays out very clear and specific rules for law suits such as the instant case, and states in relevant part:

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

**(1)** *United States.* To serve the United States, a party must:

**(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

The Third Circuit in *Veal v. U.S.* 84 Fed.Appx. 253, 255-256, 2004 WL 45149, 2 (C.A.3 (Del. (C.A.3 (Del.),2004) " has construed Rule 4(m) as requiring a court to extend time for service where the plaintiff demonstrates good cause. *McCurdy v. Amer. Bd. of Plastic Surgery,* 157 F.3d 191, 196 (3d Cir.1998). Such a showing requires a demonstration of good faith on the

---

[1]Ironically, Plaintiff failed to include a certificate of service with his Motion for Default Judgment, and was notified of that by the clerk's office on January 24, 2011, a harbinger of the instant motion based on Plaintiff's pattern of failing to properly serve his adversary.

2

part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule. *MCI,* 71 F.3d at 1097. Without the showing of good cause, the decision whether to grant the request for more time in which to serve, or to dismiss the complaint, "falls squarely within the Court's sound discretion." *Id.*"

### III.  DISCUSSION

As Defendant correctly points out, Plaintiff has not attempted to make a showing of good cause to explain his failure, for a period of ten months, to properly serve Defendant. Plaintiff has essentially conceded that there is no good cause basis, and the Court can find nothing in the record that would support a finding of good cause despite Plaintiff's concession. Thus, the language of Fed. R. Civ. P. 4(m) which requires that an extension of time must be granted for good cause is inapplicable.

The decision to grant an extension of time to allow for proper service is, as the Court previously noted, discretionary. Nonetheless, as the Third Circuit has made clear, "a district court *must* consider whether any other factors warrant extending time even though good cause was not shown." *Veal v. U.S.* 84 Fed.Appx. 253, 256, 2004 WL 45149, 3 (C.A.3 (Del. (C.A.3 (Del.),2004). Plaintiff correctly points out that the Court must balance the equities in deciding whether to allow for an extension of time, but he has mentioned only three factors, the most salient of which is that Plaintiff's case would be time-barred if his case were dismissed, even if it were without prejudice. That is not sufficient. As the Third Circuit held in *Petrucelli v. Bohringer and Ratzinger* 46 F.3d 1298, 1306 (C.A.3 (Pa.),1995), " the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of

good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Although Plaintiff cites to the commentaries on Fed. R. Civ. P. 4(m), he fails to mention that the Third Circuit has opined on the usefulness of the commentary in a similar situation, and specifically stated that "some may interpret the Advisory Committee note as expanding the concept of good cause to include a greater number of situations where 'relief may be justified.' We decline to adopt such a position. Specifically, we are troubled by the language in the note which may be interpreted by some to mean that good cause exists every time the statute of limitations has run and the refiling of the action would be barred. We caution against such a myopic reading of the Advisory Committee note for several reasons." (*Id.* at 1306).The Court's logic is instructive, and concludes that if the statute of limitations was sufficient ground for extending time for service "instead of having 120 days within which to effect service of process, this reading of Rule 4(m) would extend both the 120 days and the statute of limitations of every cause of action indefinitely." This is clearly contrary to the legitimate purpose of statutes of repose.

The only other equities glossed over by Plaintiff are his conclusion that Defendant had actual notice, and that Defendant would not be prejudiced. Neither conclusion is either factually or legally supported. With regard to his assertion that Defendant had actual notice, it is absurd to think that the United States Government would have allowed itself to become subject to a default judgment if they had been on actual notice of a pending lawsuit. There is no showing of actual notice other than Plaintiff's conclusory statement and the proof of service to "an administrative assistant."(Dock. 9-3). In Plaintiff's certificate of service that belatedly accompanied his motion for default judgment, no attempt at personal service other than sending a copy by regular mail is

4

even suggested. (Dock. 12).  Moreover, Plaintiff uses his assertion of actual notice to bolster his claim that there would be no prejudice to Defendant if forced to defend an otherwise time-barred action, and cites *Donaghy v. Roudebush*, D.C.N.J. 1985, 614 F. Supp. 585 for that proposition. That case is inapplicable to a situation such as the one at bar where there is not so much as a hint that Defendant had actual notice. Because none of the equities support an extension of time, the Court declines to exercise its discretion to grant one.

### IV.     CONCLUSION

For the reasons stated herein, default judgment against Defendant is declared void, and the complaint is dismissed. Defendant's motion is **granted**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.

Date:        July  25 , 2011
Original:    Clerk
cc:          All Counsel of Record
             Hon. Joseph A. Dickson, U.S.M.J.